**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-67

UNITED STATES TAX COURT

REFUGIO BOGARIN AND TANYA BOGARIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4904-12S.                    Filed August 15, 2013.

Refugio Bogarin and Tanya Bogarin, pro sese.

Michael S. Hensley, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $2,708 and $2,355 in petitioners' Federal income tax for 2009 and 2010, respectively (years in issue). Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioners resided in California.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code (Code), as amended and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

After concessions,[2] the issues remaining for decision are whether petitioners are entitled to deductions for unreimbursed employee business expenses in excess of the amounts respondent allowed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

During 2009 and 2010 Mr. Bogarin was employed as a journeyman meat cutter at Safeway grocery stores operated by Vons Companies, Inc., and Mrs. Bogarin was employed as an instructional support specialist by the Desert Community College District.

---

[2]Respondent concedes that petitioners are entitled to the deductions for charitable contributions reported on Schedules A, Itemized Deductions, for the years in issue and they may include $1,096 and $1,110 for union dues in computing deductions for unreimbursed employee business expenses for 2009 and 2010, respectively. Petitioners concede that they are not entitled to include the following items in computing deductions for unreimbursed employee business expenses:

| Year | Meals and entertainment | Uniforms/shoes | Cell phone |
|------|-------------------------|----------------|------------|
| 2009 | $3,083 | $379 | $840 |
| 2010 | 2,375 | 389 | 1,764 |

I.  Mr. Bogarin's Employment

    A.  Work Schedule and Locations

During 2009 and 2010 Safeway assigned Mr. Bogarin to work at several Safeway stores in Southern California.  Mr. Bogarin's store assignments generally depended on Safeway's staffing needs at any given time.  The table below lists the Safeway store locations where Mr. Bogarin was assigned to work and the distances from petitioners' residence:

| Location | Miles |
| --- | --- |
| La Quinta | 8 |
| Rancho Mirage (36101 Bob Hope Dr.) | 15 |
| Palm Desert | 19 |
| Rancho Mirage (42424 Bob Hope Dr.) | 20 |
| Palm Springs (E. Palm Canyon) | 20 |
| Palm Springs (Tahquitz Canyon) | 23 |
| Desert Hot Springs | 25 |
| Yucca Valley | 57 |
| Brawley | 73 |
| El Centro | 87 |
| Fontana | 89 |

Mr. Bogarin used his personal vehicle for work-related transportation.  He normally worked an eight-hour shift in a single store, and he returned home at the end of each shift.  Mr. Bogarin considered the Safeway store in Rancho Mirage,

California, 15 miles from his residence, to be his "home store"--the Safeway store where he was first hired.  Mr. Bogarin worked at his "home store" nine days during 2009.

B.  Safeway's Employee Reimbursement Policy

Safeway reimbursed its employees for certain business-related transportation expenses.  Safeway did not reimburse its meat cutters for tools such as knives and gloves.  Safeway's reimbursement policy for transportation expenses stated in relevant part:

V.  TRAVEL PAY.

\*        \*        \*        \*        \*        \*        \*

2.  When an employee is assigned to work in more than one (1) market in one (1) day, all work and travel time shall be paid for, except in instances where an employee is hired to work in more than one (1) market. * * * if the employee uses his own car, he shall be paid for such use at the prevailing Internal Revenue Service mileage rate for the total mileage from the market of origin to the market of reassignment and return.

3.  Any employee, who is temporarily assigned for a full day or more but less than two (2) weeks to a market over forty (40) miles from said employee's home, shall receive travel pay at the prevailing Internal Revenue Service mileage rate once each way to the assignment and return, and said employee shall be reimbursed for his room and meals on each day so assigned.

Employees seeking reimbursement under this policy were required to submit biweekly expense reimbursement forms to the appropriate Safeway store manager, detailing the expenses incurred during that period.

Mr. Bogarin testified that he routinely submitted expense reimbursement requests to Safeway during the years in issue. Safeway reimbursed Mr. Bogarin for transportation expenses of $51 on September 2, 2009, and $69, $368, $598, $137, and $109 on March 9, March 15, March 22, April 12, and May 3, 2010, respectively. The record does not specify the dates the reimbursements covered, the number of miles that Mr. Bogarin drove, or the locations of the stores to which he was assigned.

Mr. Bogarin testified that he was assigned to the Safeway store in Yucca Valley 21 days during 2009 and 3 days during 2010; and although he submitted expense reimbursement requests to the Yucca Valley store manager, Safeway did not provide any transportation reimbursements for these trips. Mr. Bogarin further testified that the Yucca Valley store manager harassed him to the point that he eventually stopped submitting expense reimbursement requests to him and filed an employee grievance. Mr. Bogarin testified that, as a result of his grievance, he is no longer assigned to the Yucca Valley store. He also testified that, after his grievance was resolved, he submitted expense reimbursement requests for his trips

to Yucca Valley, but the requests were denied as untimely. The record does not include any documents related to Mr. Bogarin's employee grievance or its disposition.

C. Vehicle Expenses

Mr. Bogarin did not maintain a mileage log during 2009, and he recreated one before trial. He did maintain a mileage log in 2010. Mr. Bogarin believed he was entitled to a deduction for vehicle expenses to the extent that any daily round trip from his residence to an assigned Safeway store exceeded 30 miles--the distance to and from his "home store".

The mileage log that Mr. Bogarin recreated for 2009 includes the names of the Safeway stores to which he was assigned, the number of days he was assigned to each store, the number of miles driven (round trip) from his home, and the number of miles he thought he could report in computing unreimbursed employee business expenses. The log indicates that Mr. Bogarin drove 11,035 miles in connection with his work for Safeway during 2009.

Mr. Bogarin's mileage log for 2010 is more detailed and includes, in addition to the information in the 2009 mileage log, dates of travel, addresses of assigned Safeway stores, and some odometer readings. The log indicates that Mr. Bogarin drove 8,706 miles in connection with his work for Safeway during 2010.

D. Mr. Bogarin's Tools

Mr. Bogarin testified that during 2010 he paid $355 in cash to a coworker for a lightly used knife set which included four knives, a diamond steel sharpening tool, a scabbard, and mesh gloves. He further testified that he purchased a knife from a commercial online retailer and that he charged the $65 purchase price to his credit card.

Although petitioners did not provide invoices, receipts, or bank records to substantiate the tool purchases, they provided a photograph of a seven-piece knife set (including scabbard and mesh gloves) and an additional knife. The photograph was taken shortly before trial. The knives and other tools in the photograph appear to be well used, and Mr. Bogarin testified that he continues to use the knives daily in his work for Safeway.

II. Petitioners' Tax Returns for 2009 and 2010

Petitioners timely filed joint Federal income tax returns for 2009 and 2010. They attached Schedules A to both returns and claimed deductions of $21,041 and $17,490 for unreimbursed employee business expenses for 2009 and 2010, respectively, comprising vehicle expenses, meals and entertainment expenses, uniforms and shoes, union dues, cell phone expenses, and tools.

On Form 2106-EZ, Unreimbursed Employee Business Expenses, petitioners reported that Mr. Bogarin drove 28,125 miles for business purposes during 2009, and 22,410 such miles during 2010. Using the optional standard mileage rates, petitioners reported total vehicle expenses of $15,469 and $11,205 for 2009 and 2010, respectively.[3]

## III. Notice of Deficiency

Respondent issued a notice of deficiency to petitioners disallowing small portions of the deductions for charitable contributions reported on Schedules A and all but $3,096 and $2,222 of the deductions for unreimbursed employee business expenses petitioners reported for 2009 and 2010, respectively.[4]

---

[3]The Commissioner generally updates the optional standard mileage rates annually. See sec. 1.274-5(j)(2), Income Tax Regs. The standard mileage rate was 55 cents per mile for 2009 and 50 cents per mile for 2010. Rev. Proc. 2008-72, sec. 2.01, 2008-2 C.B. (Vol. 2) 1286; Rev. Proc. 2009-54, sec. 2.01, 2009-51 I.R.B. 930.

[4]Although the record is not entirely clear on the point, by process of elimination we are able to deduce that the portion of the deductions for unreimbursed employee business expenses that respondent allowed for each year in issue consists of vehicle expenses.

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As discussed in detail below, petitioners did not comply with the Code's substantiation requirements and have not maintained all required records. Therefore, the burden of proof as to any relevant factual issue does not shift to respondent under section 7491(a). See sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further

substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A deduction normally is not available, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). However, an employee business expense is not ordinary and necessary if the employee is entitled to reimbursement from his or her employer. See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses related to the use of listed property as defined in section 280F(d)(4). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). As relevant here, the term "listed property" includes passenger automobiles. Sec. 280F(d)(4)(A)(i). To satisfy the requirements of section

274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his own statement, establishing the amount, date, and business purpose for an expenditure or business use of listed property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Section 1.274-5T(c)(2), Temporary Income Tax Regs., supra, provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Moreover, the Court may not use the rule established in Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

I.  Vehicle Expenses

Petitioners claimed deductions for vehicle expenses (using the optional standard mileage rates) for Mr. Bogarin's daily round trips to work at various Safeway stores. Respondent disallowed most of the claimed deductions on the

ground they constitute nondeductible personal expenses. See sec. 262(a). We agree with respondent.

As a general rule, a taxpayer's costs of commuting between his residence and his place of business or employment are nondeductible personal expenses. See Fausner v. Commissioner, 413 U.S. 838, 839 (1973); Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); sec. 1.262-1(b)(5), Income Tax Regs. The record reflects that Mr. Bogarin regularly drove from his home to an assigned Safeway store, worked an eight-hour shift, and then drove home at the end of the day. The fact that Mr. Bogarin was often assigned to different Safeway stores daily or weekly does not alter the conclusion that his transportation expenses were nondeductible commuting expenses. See, e.g., Heuer v. Commissioner, 32 T.C. 947 (1959), aff'd, 283 F.2d 865 (5th Cir. 1960).

Mr. Bogarin's belief that he is entitled to deductions for vehicle expenses for round trips in excess of 30 miles--the round trip distance to his "home store"-- suggests that petitioners may be relying on the so-called regular work location exception to the general rule of nondeductibility. See Bogue v. Commissioner, T.C. Memo. 2011-164 (discussing the home office, temporary distant work site, and regular work location exceptions to the general rule of nondeductibility), aff'd, ___ Fed. Appx. ___, 2013 WL 2382310 (3d Cir. June 3, 2013).

Transportation expenses between a taxpayer's residence and temporary work locations may be deductible if the taxpayer also has one or more regular work locations away from the taxpayer's residence. See id.; Rev. Rul. 99-7, 1999-1 C.B. 361.

The record does not establish that Mr. Bogarin had any regular work location during the years in issue. To the contrary, Mr. Bogarin was assigned to no fewer than 11 Safeway store locations daily or weekly, depending on Safeway's staffing needs at any particular time. Considering all the facts and circumstances, we conclude that Mr. Bogarin's vehicle expenses are nondeductible personal expenses.

Assuming for the sake of argument that some portions of Mr. Bogarin's vehicle expenses might otherwise qualify for deduction under section 162(a), petitioners failed to satisfy the strict substantiation requirements for deductibility of vehicle expenses prescribed in section 274(d). As previously noted, section 274(d) would be applicable even though petitioners used the optional standard mileage rates in computing the deductions they claimed for vehicle expenses. See sec. 1.274-5(j)(2), Income Tax Regs.

Mr. Bogarin did not maintain a contemporaneous mileage log during 2009,[5] and the log that he re-created before trial is insufficient to satisfy the heightened substantiation requirements of section 274(d). In short, it lacks individual dates of travel and petitioners failed to offer additional documentation to corroborate that Mr. Bogarin made each of the trips listed in the log. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., supra.

Although Mr. Bogarin maintained a mileage log during 2010, the 8,706 total miles reported in the log are substantially fewer than the 22,410 miles petitioners reported on Form 2106-EZ for 2010. Petitioners did not explain this discrepancy. In any event, we are unable to reconcile large portions of the miles listed in the 2010 log with the multiple reimbursements that Mr. Bogarin received from Safeway during the spring of 2010. We note that Safeway reimbursed Mr. Bogarin a total of $1,281 between March 9 and May 3, 2010, equal to 2,562 miles at the standard rate of 50 cents per mile. In addition, respondent allowed petitioners a deduction of $2,222 for vehicle expenses, accounting for another 4,444 miles. In sum, the record reflects that petitioners were reimbursed or

---

[5]Although petitioners reported on Form 2106-EZ for 2009 that Mr. Bogarin drove 28,125 miles for business purposes that year, the 2009 log reports a substantially lower total of only 11,035 miles. Petitioners did not offer any explanation for this discrepancy.

allowed a deduction for most of the vehicle expenses listed in the 2010 log.  All things considered, we do not view the 2010 mileage log as reliable evidence of Mr. Bogarin's travel expenses for that year.

In accordance with the preceding discussion, we conclude that petitioners failed to show that they are entitled to deductions for vehicle expenses in excess of the amounts respondent allowed.  Consequently, respondent's determinations on this issue are sustained.

## II. Mr. Bogarin's Tools

Petitioners claimed a deduction of $420 for tools that Mr. Bogarin purchased during 2010.[6]  Although petitioners failed to provide invoices, receipts, or bank records to substantiate these expenditures, we found Mr. Bogarin's testimony that he purchased a knife set from a coworker for $355 and an additional knife from an online retailer for $65 to be honest and credible.  We conclude that Mr. Bogarin's testimony and the photograph of the knives and other

---

[6]Safeway did not reimburse its meat cutters for tools such as knives and gloves.  Respondent does not dispute that expenditures for tools of this sort constitute ordinary and necessary employee business expenses.

tools are sufficient to substantiate the deduction of $420 that petitioners claimed as an unreimbursed employee business expense for 2010.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.